STATE OF MAINE

WASHINGTON, ss

SUPERIOR COURT
LOCATION: MACHIAS
DOCKET NO. CR-17-325

STATE OF MAINE )
)
)
)
)
VS. )                    ORDER TO SHOW CAUSE
)
)
)
)
)
CARINE REEVES )
          Defendant )

---

The Defendant, Carine Reeves, is charged with intentional or knowing murder, 17-A, M.R.S. §201. Trial is set to commence May 18, 2020, with jury selection to be conducted on May 14 and 15, 2020, at the Penobscot Judicial Center, in Bangor, Maine. In response to the Covid 19 pandemic, the Maine Supreme Judicial Court issued an emergency order on March 13, 2020, (revised on March 18, 2020), effectively prohibiting jury trials, absent urgent and compelling reasons, through May 1, 2020. Due to the ongoing effects of the pandemic in the next immediate months, the court is of the view that it is not possible to assemble jurors or conduct jury trials in May, 2020. Before making such an order and continuing the case from the May 18, 2020 trial date, the parties are afforded until April 3, 2020 to file any objections and show cause why the case not be continued from the May, 2020 trial date.

Dated: March 24, 2020

Justice, Superior Court

STATE OF MAINE

WASHINGTON, ss

SUPERIOR COURT
LOCATION: MACHIAS
DOCKET NO. CR-17-325

STATE OF MAINE )
)
)
)
)
VS. )
)
)
)
)
)
)
CARINE REEVES )
          Defendant )

ORDER ON MOTION
TO DISMISS PURSAUNT
TO 34-A MRSA § 9604

Before the court is Defendant Carine Reeves motion to dismiss pursuant to 34-A

M.R.S.A. § 9604(3). Hearing on the motion was held on July 13, 2020, via ZOOM, attended by

Reeves and his counsel as well as counsel for the State.

Reeves is charged with intentional or knowing murder, 17-A, M.R.S. §201, alleged to

have caused the death of Sally Shaw on July 18, 2017. An arrest warrant was issued shortly after

July 18, 2020, and an indictment was returned on September 15, 2017. The State, however, was

not able to take custody of Reeves until January 22, 2020 due to his being detained and

prosecuted on other criminal matters in the State of New York. After entering execution on a

sentence in New York, Reeves was delivered from New York to Maine pursuant to the Interstate

Compact on Detainers, 34-A, M.R.S.A. § 9601, et. seq.

The Interstate Compact provides, that in cases under Article IV, "trial shall be

commenced within 120 days of the arrival of the prisoner in the receiving state, but, for good

1

cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter, may grant any necessary or reasonable continuance." 34-A M.R.S.A. § 9604(3).

Trial was set to commence May 18, 2020, with jury selection to be conducted on May 14 and 15, 2020, at the Penobscot Judicial Center, in Bangor, Maine. In response to the COVID-19 pandemic, the Maine Supreme Judicial Court issued an emergency order on March 13, 2020, (revised on March 18, 2020), effectively prohibiting jury trials, absent urgent and compelling reasons, through May 1, 2020. On March 25, 2020 the Trial Chiefs of the Unified Criminal Court issued an order that no trials or grand jury proceedings be held in April or May, 2020. And on March 30, 2020 the Maine Supreme Judicial Court issued a revised emergency order related to the COVID-19 pandemic ordering no jury trials be held until after May 29, 2020, and that matters not be scheduled or heard except for urgent and compelling reasons. On May 28, 2020, the Maine Supreme Judicial Court further restricted jury trials until after September 7, 2020.

Recognizing the pandemic would impact the May trial date, on March 24, 2020 this court issued an Order to Show Cause affording Defendant an opportunity to object to continuance of the May trial date. Defendant filed his objection on April 3, 2020 objecting to a continuance, asserting his right to a speedy trial, and also asserting that 34-A M.R.S. § 9604(3) had not been complied with in that good cause for not commencing trial within 120 days had not been shown in open court. On April 7, 2020, the court held a telephone conference on Reeves' objection and cause for continuance, which was attended by telephone by all counsel of record.[1] By an order dated April 8, 2020, the court found good cause existed, and the May, 2020 trial was continued.

---

[1] Through April, 2020, courts were operating on limited hours, and criminal matters were limited to arraignments and first appearances of defendants in custody, motions to revoke probation, motions to review bail, motions to

2

At the time of the April 8, 2020 order, per the Maine Center for Disease Control and Prevention, in the State of Maine there had been 539 COVID-19 diagnoses resulting in 12 deaths. Nationwide, there were in excess of 350,000 diagnoses and over 12,000 deaths related to COVID-19. In April, 2020 Maine was one of the majority of states nationwide under "stay at home" orders due to the pandemic. Since then, those statistics have only increased. As of July, 13, 2020 in Maine there have been in excess of 3,500 COVID 19 diagnoses and 114 COVID 19 related deaths, and nationwide in excess of 3.2 million diagnoses and over 134, 000 COVID related deaths.

In its April 8, 2020 order, the court wrote:

For the foregoing reasons the court finds that good cause exists to continue the trial previously scheduled for May, 2020. Due to the risk of spreading the infection, particularly by community spread, the court further finds there are not urgent and compelling reasons to schedule the Defendant's matter in May, 2020. For the same reasons, the court finds it would be contrary to the Supreme Court's orders and create unnecessary risk of spreading infection were this finding of good be made in open court as suggested by 34-A M.R.S. § 9604(3). Accordingly, the May, 2020 trial is hereby continued.

In this motion presently under consideration, Reeves asserts that the charges be dismissed because there was not a hearing in open court when the court found good cause to continue the

---

extend stays, pleas of defendants in custody whose plea would result in release, and hearings granted on a motion showing urgent and compelling reasons. See PMO-SJC-3, dated March 30, 2020. These matters were to be held by ITV or telephonically. These restrictions remained in place by updated orders from the Maine Supreme Judicial Court. See PMO-SJC-1, revised dates April 14, 2020 and April 22, 2020. On May 5, 2020 permitted criminal matters were expanded to include pleas and dispositional conferences for defendants in custody, subject to the restriction that such proceedings be conducted by video or audio conference. See PMO-SJC-1 dated May 5, 2020. All jury trials were cancelled by order of the Maine Supreme Judicial Court through September 7, 2020.

3

trial date. When the court recognized that the COVID 19 pandemic was going to impact the ability to convene a trial in May, the court first afforded Reeves an opportunity to object by issuing an order to show cause, and then held a telephone conference on April 7, 2020 with counsel to allow further discussion. Hearing or conference by telephone or video was the only type of proceeding permitted pursuant to the Pandemic Management Orders issued by the Maine Supreme Judicial Court. Accordingly, the telephonic conference held on April 7, 2020 was the only type of proceeding permitted by the pending orders from the Supreme Judicial Court. Furthermore, this court found in its April 8, 2020 order that "..the court finds it would be contrary to the Supreme Court's orders and create unnecessary risk of spreading infection were this finding of good be made in open court as suggested by 34-A M.R.S. § 9604(3)." The court also notes that Reeves' counsel did not object to a telephonic conference, nor file a written motion requesting a court hearing contending there were urgent and compelling reasons for an in court proceeding.

In summary, the COVID 19 pandemic has impacted the criminal justice system and society as whole in ways never imagined. The risks presented by the pandemic required bold action in the form of restricting activities of all types in an effort to prevent the spread of infection. Those action included orders from the Maine Supreme Judicial Court canceling trials through September 7, 2020 and drastically reducing and limiting all other courtroom activities. Reeves was afforded an opportunity to object to a continuance and to be heard via counsel through a telephonic conference. The court made a finding that good cause exists to continue the trial, and that finding and order was made within the restrictions of court activities imposed by the Maine Supreme Judicial Court in its various Pandemic Management Orders.

4

The Defendant's motion to dismiss is denied.

Dated: July 17, 2020

Justice, Superior Court

5